# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 21-2043V

|  |  |
|---|---|
| DEBORAH BELKER-FRECHETTE, | Chief Special Master Corcoran |
| Petitioner, | Filed: January 3, 2025 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*David John Carney, Green & Schafle LLC, Philadelphia, PA, for Petitioner.*

*Sarah Black Rifkin, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On October 19, 2021, Deborah Belker-Frechette filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a left shoulder injury related to vaccine administration ("SIRVA"), a defined Table injury, due to an influenza ("flu") vaccine she received on October 5, 2020. Petition at 1, ¶¶ 3, 16. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 6, 2024, I issued a ruling on entitlement, following briefing by the parties, finding Petitioner entitled to compensation for her SIRVA. On January 3, 2025,

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $50,000.00, representing compensation for pain and suffering. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $50,000.00, representing compensation for pain and suffering, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**[3] This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Although the Proffer contains the former language – that this lump sum payment should be made in a check payable to Petitioner, the parties have agreed that, as of January 1, 2025, payments will be made electronically as stated in this Decision.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

DEBORAH BELKER-FRECHETTE,

Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

Respondent.

No. 21-2043V (ECF)
Chief Special Master Corcoran

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On October 19, 2021, Deborah Belker-Frechette ("petitioner") filed a petition for compensation ("Petition"), under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended, claiming a Table shoulder injury related to vaccine administration ("SIRVA"), caused by an influenza ("flu") vaccination administered on October 5, 2020.  Petition at 1.

Respondent filed his Report on September 14, 2023, recommending that entitlement to compensation be denied.  ECF No. 29.  On October 17, 2023, petitioner filed a Motion for Ruling on the Record.  ECF No. 30.  On December 6, 2024, the Court issued a Ruling on Entitlement, finding petitioner entitled to compensation for a Table SIRVA injury.[1]  ECF No. 33.

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Court issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision.  However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the December 6, 2024 entitlement decision.

## I.     Items of Compensation

Respondent proffers that petitioner should be awarded $50,000.00 in pain and suffering damages. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

This amount represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II.     Form of the Award

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following:[2] a lump sum payment of $50,000.00, in the form of a check payable to petitioner.

## III.     Summary of Recommended Payments Following Judgment

Lump sum payable to petitioner, Deborah Belker-Frechette:          **$50,000.00**


Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

COLLEEN C. HARTLEY
Assistant Director
Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

s/Sarah B. Rifkin
SARAH B. RIFKIN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-5997
Sarah.Rifkin@usdoj.gov

Dated: January 3, 2025